**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   SACV 12-00222-CJC(JPRx)                              Date:  February 11, 2014

Title:   PAWEL I. KMIEC V. POWERWAVE TECHNOLOGIES, INC., ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Michelle Urie                                                N/A
Deputy Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS** [filed 12/13/13]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for February 24, 2014 at 1:30 p.m. is hereby vacated and off calendar.

**INTRODUCTION**

This is a consolidated securities class action brought on behalf of all persons who purchased or otherwise acquired Powerwave Technologies, Inc. ("Powerwave") securities between October 28, 2010 and October 18, 2011 (collectively "Plaintiffs") against Defendant Powerwave officers Ronald J. Buschur and Kevin Michaels (together, "Defendants").  The operative Second Amended Consolidated Complaint ("SACC") alleges violations of § 10(b) and § 20(a) of the 1934 Securities Exchange Act and Rule 10b-5 based on purportedly false and misleading statements related to demand for Powerwave's products, false and misleading statements regarding revenue forecasts, and improper revenue recognition.  (Dkt. No. 72 ["SACC"].)  Before the Court is Defendants' Motion for Judgment on the Pleadings.  (Dkt. No. 98 ["Defs.' MJP"].)  Defendants argue that the SACC fails to sufficiently allege the "loss causation" element of a securities fraud action.  Defendants' motion is **DENIED**.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   SACV 12-00222-CJC(JPRx)                          Date: February 11, 2014
                                                                            Page 2

---

## BACKGROUND

Plaintiffs allege that from 2010 to 2011, in a period when demand for Powerwave products was in reality steeply declining, Defendants "engaged in an accounting scheme to artificially inflate [Powerwave's] revenue and earnings" and "hide the fact that demand was not as strong as defendants claimed." (SACC ¶¶ 35–36.)  Plaintiffs allege that this scheme involved "(1) shipping 'bulk orders' of unsold and/or unsellable inventory to resellers on a contingent basis whereby Powerwave would explicitly waive payment, grant special extended payment terms, and/or grant rights to return the product if it could not be sold, and (2) knowingly and deliberately shipping product that Powerwave knew did not function with the promise to replace the defective products in a later quarter." (SACC ¶ 35.)  According to the allegations in the SACC, Powerwave's practice of shipping unneeded bulk orders was unsustainable and resulted in one of Powerwave's major costumers, AT&T,[1] accumulating too much inventory by the third quarter of 2011 ("3Q11"), whereupon it stopped placing new purchase orders. (SACC ¶ 57.)  On October 18, 2011, Defendants "disclosed figures reflecting [Powerwave's] true financial condition." (SACC ¶ 200.)  Powerwave's revenue for 3Q11 fell 50% short of projections. (SACC ¶ 50.)  During a conference call with investors, Mr. Buschur, Powerwave's CEO, acknowledged that the revenue decline was due, at least in part, to an "inventory buildup" at North American customers. (SACC ¶ 71.)  The following day, Powerwave stock fell 40%, from $1.46 per share to $0.68 per share, and the company eventually filed for bankruptcy on January 28, 2013. (SACC ¶ 6.)

## DISCUSSION

A court may grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A motion for judgment on the pleadings is substantially identical to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because both permit challenges to the legal sufficiency of the opposing party's pleadings. *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).  The main difference between the two motions is timing: a 12(b)(6) motion is brought before filing an answer, whereas a motion for judgment on the pleadings is brought after the pleadings

---

[1]  AT&T purchased parts through a reseller called Team Alliance. (SACC ¶¶ 33–34.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   SACV 12-00222-CJC(JPRx)                    Date: February 11, 2014
                                                              Page 3

---

are closed.  Schwarzer, et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, § 9:199, at 9-50 (2007).  Judgment on the pleadings is appropriate when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law.  *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002).

Defendants move for judgment on the pleadings on the basis that the SACC fails to adequately plead loss causation.[2]  The loss causation element of a securities fraud action requires pleading and proof of "a causal connection between the material misrepresentation and the loss."  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005).  A plaintiff pleading loss causation must allege sufficient facts to provide the defendant "with notice of what the relevant economic loss might be" and "what the causal connection might be between that loss and the misrepresentation."  *Id.* at 347.  "A plaintiff is not required to show that a misrepresentation was the sole reason for the investment's decline in value in order to establish loss causation."  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1062 (9th Cir. 2008) (quoting *In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005)) (internal quotation marks omitted).  But the complaint must "set forth allegations that 'if assumed true, are sufficient to provide [the defendant] with some indication that the drop in [defendant's] stock price was causally related to [the defendant's] financial misstatement[s].' "  *Id.* (quoting *Daou*, 411 F.3d at 1026).  The Ninth Circuit has held that loss causation "is a matter of proof at trial and not to be decided on a Rule 12(b)(6) motion to dismiss," and "it is normally inappropriate to rule on loss causation at the pleading stage."  *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (internal citations and quotation marks omitted).

---

[2]  To the extent that Defendants attack the falsity and scienter elements of Plaintiffs' securities fraud action, (*see* Defs.' MJP at 10–12), the Court expressly rejected Defendants' arguments in its order denying Defendants' motion to dismiss the SACC, (Dkt. No. 90 ["Oct. 23, 2013 Order"] at 5–6).  Defendants' motion in this regard is therefore a motion for reconsideration.  Defendants' motion must be denied as they have failed to show any of the three permissible grounds for reconsideration set forth in Local Rule 7-18.  *See* Local Rule 7-18 ("A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law . . . , or (b) the emergence of new material facts or a change of law . . . , or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   SACV 12-00222-CJC(JPRx)                          Date: February 11, 2014

Page 4

---

The SACC sufficiently alleges loss causation.  The thrust of Plaintiffs' SACC is that Defendants misrepresented the demand for Powerwave products and Powerwave's financial health by carrying out a revenue recognition scheme using end-of-quarter bulk orders.  Plaintiffs allege that the company's "true financial condition" was revealed on October 18, 2011, when it disclosed that it expected to report revenue for the recently ended 3Q11 in the range of $75–79 million, which was 50% below projections and the company's worst quarter since 2004.  (SACC ¶¶ 121, 200.)  Plaintiffs further allege that, in a conference call with financial analysts that same day, Mr. Buschur acknowledged that at least some of the slowdown was due to an "inventory buildup" at Powerwave's North American customers.  (SACC ¶ 200.)  The SACC cites a report from financial analysts the following day titled "Dramatic Pre-Announcement: Inventory Correction at AT&T Even Worse Than Feared," and alleges that the market understood Mr. Buschur's statement as "an admission that a cause of Powerwave's massive decline in demand was the fact that North American customers were sitting on a 'couple of quarters' of inventory."  (SACC ¶ 73.)  That day, Powerwave stock fell from $1.46 per share to $0.68 per share, a 40% drop.  (SACC ¶ 6).  The SACC "set[s] forth allegations that 'if assumed true, are sufficient to provide [Defendants] with some indication that the drop in [Powerwave's] stock price was causally related to [Defendants'] financial misstatement[s].' "  *See Metzler*, 540 F.3d at 1062 (quoting *Daou*, 411 F.3d at 1026).  This is sufficient to "plausibly establish loss causation" at the pleading stage.  *See In re Gilead Sciences Sec. Litig*., 536 F.3d at 1056–57.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **DENIED**.

bsc

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk MU