UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PAWEL I. KMIEC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>POWERWAVE TECHNOLOGIES INC., et al.,<br><br>Defendants. | No. 8:12-cv-00222-CJC(JPRx)<br><br>CLASS ACTION<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

1160441_1

1  This matter came before the Court for hearing pursuant to the Order of this Court, dated December 4, 2015, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated October 30, 2015 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating the settlement, a Class defined as all Persons who, between October 28, 2010 and October 18, 2011, inclusive, purchased or otherwise acquired the common stock of Powerwave. Excluded from the Class are Defendants, members of the immediate family of each of the Defendants, the directors, officers, subsidiaries and affiliates of Powerwave during the Class Period, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are those Persons who made a timely and valid request for exclusion from the Class (as identified in Exhibit 1 hereto).

4. With respect to the Class, this Court finds for the purposes of effectuating the settlement that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its

- 1 -

1160441_1

1  counsel have fairly and adequately represented and protected the interests of the Class
2  Members; and (e) a class action is superior to other available methods for the fair and
3  efficient adjudication of the controversy, considering: (i) the interests of the Members
4  of the Class in individually controlling the prosecution of the separate actions; (ii) the
5  extent and nature of any litigation concerning the controversy already commenced by
6  Members of the Class; (iii) the desirability or undesirability of concentrating the
7  litigation of these claims in this particular forum; and (iv) the difficulties likely to be
8  encountered in the management of the Litigation.

9       5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court
10 certifies Lead Plaintiff as a representative of the Class.  Lead Counsel is also certified
11 as counsel to Lead Plaintiff and the Class in the Litigation.

12      6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court
13 hereby approves the settlement set forth in the Stipulation and finds that:

14      (a)    the Stipulation and the settlement contained therein are, in all
15 respects, fair, reasonable and adequate and in the best interest of the Class;

16      (b)    there was no collusion in connection with the Stipulation;

17      (c)    the Stipulation was the product of informed, arm's-length
18 negotiations among competent, able counsel; and

19      (d)    the record is sufficiently developed and complete to have enabled
20 Lead Plaintiff and Defendants to have adequately evaluated and considered their
21 positions.

22      7.    Accordingly, the Court authorizes and directs implementation and
23 performance of all the terms and provisions of the Stipulation, as well as the terms and
24 provisions hereof.  Except as to any individual claim of those Persons who have
25 validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto),
26 the Litigation and all claims contained therein, as well as all of the Released Claims,
27 are dismissed with prejudice as to Lead Plaintiff and the other Class Members and as
28

- 2 -

1  against each and all of the Released Parties.  The Settling Parties are to bear their own
2  costs except as otherwise provided in the Stipulation.

3        8.      Upon the Effective Date, Lead Plaintiff and each of the Class Members
4  shall be deemed to have, and by operation of this Judgment shall have, fully, finally
5  and forever released, relinquished, dismissed and discharged all Released Claims
6  (including Unknown Claims) against the Released Parties with prejudice on the
7  merits, whether or not Lead Plaintiff or such Class Member executes and delivers the
8  Proof of Claim and Release and whether or not Lead Plaintiff or each of the Class
9  Members ever seeks or obtains any distribution from the Settlement Fund.  Claims to
10 enforce the terms of the Stipulation and claims to relief from Powerwave's bankruptcy
11 estate are not released.

12       9.      Upon the Effective Date, each of the Defendants shall be deemed to have,
13 and by operation of this Judgment shall have, fully, finally and forever released,
14 relinquished and discharged Lead Plaintiff, each and all of the Class Members and
15 their attorneys (including, without limitation, Lead Counsel) from all claims
16 (including, without limitation, Unknown Claims) arising out of, relating to or in
17 connection with the institution, prosecution, assertion, settlement or resolution of the
18 Litigation or the Released Claims.  Claims to enforce the terms of the Stipulation are
19 not released.

20       10.     Upon the Effective Date, Lead Plaintiff, all Class Members and anyone
21 claiming through or on behalf of any of them are forever barred and enjoined from
22 commencing, instituting, asserting or continuing to prosecute any action or proceeding
23 in any court of law or equity, arbitration tribunal, administration forum or other forum
24 of any kind any of the Released Claims against any of the Released Parties.

25       11.     The distribution of the Notice and publication of the Summary Notice of
26 Pendency of Class Action and Proposed Settlement as provided for in the Preliminary
27 Approval Order constituted the best notice practicable under the circumstances,
28 including individual notice to Class Members who could be identified through

1160441_1

reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this action.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlement and any award or distribution of the Settlement Fund, including interest earned thereon;

- 4 -

(b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the settlement.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Court has considered the objection to the settlement filed by Roy Tom Coyle Jr., and finds it to be without merit. It is therefore overruled in its entirety.

20. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: July 18, 2016

_____
THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

1160441_1